IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **THERESA HILL,** | |
| **Plaintiff,** | |
| v. | Case No.: 4:18-cv-00560-RK |
| **LEXISNEXIS RISK SOLUTIONS INC.,** | |
| **Defendant.** | |

## STIPULATED ORDER REGARDING PRODUCTION OF ESI

Plaintiff Theresa Hill ("Plaintiff") and Defendant LexisNexis Risk Solutions Inc. ("LNRS") (collectively, the "Parties"), by counsel, hereby stipulate and agree as follows:

1. As part of the Parties' ongoing discovery efforts with the Special Master (*see* Dkt. No. 93), LNRS has identified certain electronically stored information that may be responsive to Plaintiff's request for certain consumer dispute data.

2. The information may include potential "consumer report" information, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Hereinafter, the information described in this paragraph is the "ESI."

3. The FCRA provides that "consumer reporting agencies" may only furnish a "consumer report" for certain permissible purposes enumerated in the FCRA. One permissible purpose for furnishing a "consumer report" is "[i]n response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(a)(1).

4. Accordingly, to facilitate and expedite production, and to allow LNRS to produce the ESI to Plaintiff without redaction, the Parties jointly petition the Court to issue an order, pursuant to 15 U.S.C. § 1681b(a)(1), authorizing LNRS to produce to Plaintiff's undersigned counsel the ESI.

5. Any ESI containing non-public personal information related to consumers and/or "consumer report" information shall be deemed "CONFIDENTIAL" under the Court's Joint Protective Order (Dkt. No. 31) and shall be treated accordingly.

6. Further, any ESI containing non-public personal information related to consumers and/or "consumer report" information shall not be used by Plaintiff's undersigned counsel or any person or entity receiving the ESI pursuant to the Joint Protective Order for any purpose other than the prosecution of the above-captioned case, and shall not be used to contact the identified consumers at any time during or after this litigation even if such contact was in any way related to the prosecution of the above-captioned case without leave of Court.

7. This Order shall survive the final disposition of this lawsuit, by judgment, dismissal, settlement, or otherwise. Even after final disposition of this litigation, the obligations imposed by this Order shall remain in effect until LNRS agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days after the final disposition of this litigation, the ESI shall be destroyed as provided for in paragraph 12(b) of the Joint Protective Order (Dkt. No. 31) except if resolution involves a class resolution in which case the time frame will be extended to 100 days after the void date of the last class payment.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 17, 2020