## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

THERESA HILL, ON BEHALF OF    )
HERSELF AND THOSE SIMILARLY   )
SITUATED;                          )
                                       )
                  Plaintiff,     )     Case No. 4:18-00560-CV-RK
                                       )
      v.                          )
                                       )
LEXISNEXIS RISK SOLUTIONS    )
BUREAU LLC,                 )
                                       )
                Defendant.    )

## ORDER REGARDING DISCOVERY DISPUTE

This case was filed on July 24, 2018. (Doc. 1.) Since then, the Court has issued four amended scheduling orders.[1] The Court has also held at least five discovery dispute conferences with the parties and appointed a special master in an effort to resolve some of the numerous issues the parties have raised. The parties now seek yet another discovery dispute conference. After a review of the request and the accompanying briefs, the Court determines that no conference is necessary, and the Court will rule here as set forth below.

Plaintiff seeks an order from this Court prohibiting more than one deposition of her expert Dr. Vivek Shah. Defendant maintains it should be allowed to depose Plaintiff's expert prior to their expert report deadline and subsequently to account for new opinions or facts. The Court agrees with the Defendant, and the deposition of Dr. Shah will be allowed to continue as scheduled. In certain cases, if additional depositions are needed to inquire about additional or different testimony, new facts, or other legitimate reasons, additional depositions may be allowed. *See e.g.*, *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, 2019 U.S. Dist. LEXIS 219580, at \*7-9 (S.D.N.Y. Dec. 16, 2019) (authorizing two depositions of plaintiffs' expert: once after the initial report so that defendants' expert would have the opportunity to review the plaintiffs' expert's deposition prior to submitting his responding report, and again after receipt of the rebuttal report); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 196652, at \*5 (N.D. Cal. Dec.

---

[1] The Court notes that no further extensions of any deadline will be granted absent a clear demonstration of extraordinary circumstances.

10, 2014) (authorizing second deposition after rebuttal report); *Hamatie v. Louisville Ladder, Inc.*, 2007 U.S. Dist. LEXIS 102344, at \*4 (M.D. Fla. July 17, 2007) (authorizing second deposition in light of opposing party's expert's third report that offered new theories and opinions); *Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 U.S. Dist. LEXIS 39699, at \*10 (D. Kan. May 30, 2007) (authorizing second deposition after expert's supplemental report containing new facts and opinions was served). As the cases cited above note, it will be Defendant's burden to show why additional depositions are needed.[2] The Court, however, believes it would be inclined to grant such a motion.

Accordingly, it is **ORDERED** that the deposition of Dr. Shah may proceed as originally planned. If Defendant believes a subsequent deposition(s) is necessary, such deposition(s) may proceed if all parties agree or with leave of Court.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 30, 2020

---

[2] The Court notes the number of discovery disputes already conducted in this case and encourages Counsel, as much as possible, to resolve matters of simple discovery practice among themselves.